Donny E. Brand (SBN 249651)
Alexander K. Spellman (SBN 250398)
Brand & Spellman PC
3836 E Anaheim St
Long Beach, CA 90804
Telephone: (562) 438-7500
Facsimile: (562) 438-8500
Email: dbrand@brandspellman.com
       aspellman@brandspellman.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Joseph Jesse Melendrez<br><br>Isaura Melendrez<br><br>Debtors. | Case No.: 2:09-bk-39714-VZ<br><br>Chapter 7<br><br>**NOTICE OF OPPOSITION AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, EDWARD M. WOLKOWITZ, CHAPTER 7 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

**COMES NOW THE DEBTORS**, by and through their attorney of record, and objects to the Motion for Relief from the Automatic Stay (the "Motion") filed by U.S. Bank, National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM2 ("U.S. Bank") and moves to dismiss the Motion filed by U.S. Bank on the following grounds:

///

## INTRODUCTION

1. U.S. Bank's Motion is based on the allegation that it holds a deed of trust that encumbers real property owned by the Debtors located at 724 West Commonwealth Avenue, Alhambra, CA 91801(the "Property").

2. The Debtors allege that U.S. Bank is not the actual holder of the Deed of Trust or the Note, is not the real party in interest in this Motion, and has no legal standing to bring this Motion.

3. Attached as "Exhibit 1" to U.S. Bank's Motion is a note by and between Resmae Mortgage Corporation ("Resmae"), as lender, and the Debtors, as borrower, for a loan associated with Debtors' Property (the "Note").

4. Attached as "Exhibit 2" to U.S. Bank's Motion is a deed of trust encumbering the Property that lists Resmae as the beneficiary of the deed of trust, and the Debtors as the trustors of the deed of trust ("Deed of Trust").

5. Attached as "Exhibit 3" to U.S. Bank's Motion is a Corporate Assignment of Mortgage/Deed of Trust dated 06/26/2009, wherein Mortgage Electronic Registration Systems, Inc., as nominee for Resmae, ("MERS") purports to transfer all beneficial interest in the Deed of Trust to U.S. Bank, as trustee (the "Assignment").

## ABSENCE OF EVIDENCE OF NOTE

6. The Debtors aver that U.S. Bank's assertion that it is a real party in interest in this Motion is completely unfounded, based upon the evidence attached to its Motion, and has failed to establish it is has a legal interest in the Property pursuant to California law, because U.S Bank has not attached evidence that it or the entity to which it serves as trustee owns the Note.

7. "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U. S. 48 (1979).

8. California Civil Code § 2936 states that "[t]he assignment of a debt secured by mortgage carries with it the security."

9. In <u>In re Raymond Vargas</u>, LA08-17036SB, Judge Bufford states that "[c]learly, the objective of this principle is to 'keep the obligation and the mortgage in the same hands unless the parties wish to separate them.'" "While the note is 'essential,' the mortgage is only 'an incident' to the note." <u>Id.</u> "[A]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." <u>In re Raymond Vargas</u>, citing Carpenter v. Longan 83 U.S. 271, 274 (1872).

10. Furthermore, "[o]nly the holder of a negotiable promissory note…is entitled to enforce the note." (<u>In re Raymond Vargas</u> at 7, referencing Cal. Com. Code § 3301).

11. Indeed, in U.S Bank's Exhibit 1, the Deed of Trust states that "MERS is the beneficiary under this security agreement." However, the Note itself does not mention MERS as the holder of the Note. "Indeed, MERS is not in the business of holding promissory notes." <u>In re Raymond Vargas</u>, at 7.

12. Therefore, the Assignment of the Deed of Trust from MERS to U.S. Bank, absent contrary evidence, does not establish which entity currently owns the Note.

13. Because U.S. Bank has failed to provide evidence that it, or the entity to which it serves as trustee, owns the Note, U.S. Bank does not have standing as a real party in interest to this Motion.

## ASSIGNMENTS OF DEED OF TRUST

14. In its Motion, U.S. Bank has attached as an exhibit an Assignment from MERS, as nominee of Resmae, to U.S. Bank, as trustee.

15. However, U.S. Bank has not established that MERS, even if it is or was the nominee of Resmae, had the legal authority to assign, grant, or transfer the Deed of Trust owned by Resmae to another entity. Black's Law Dictionary defines nominee, inter alia, as "A party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." A nominee, in essence, is an agent. U.S. Bank must

3

provide evidence that Resmae authorized the transfer of the Deed of Trust to U.S. Bank, as trustee.

16. U.S. Bank purports to have an interest in the Property not as a direct owner, but rather as a successor trustee to a former bank who was a successor trustee by merger of another former bank, who acted as a trustee for a securitized trust pool.

17. U.S. Bank has not attached evidence to its Motion that Rasmae assigned the Deed of Trust to MLMI Trust Series 2006-RM2 ("Trust").

18. Furthermore, U.S. Bank has not provided any evidence that LaSalle Bank, N.A was trustee for the Trust, that Bank of America, National Association, is successor by merger to LaSalle Bank, N.A, or that U.S. Bank is a successor trustee to Bank of America.

19. The Assignment that U.S. Bank provides as evidence of their standing in this Motion attempts to "leap-frog" from an assignment from MERS (whose authority to act on behalf of Resmae has not been established) to U.S. Bank, National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM2.

20. Furthermore, absent from evidence is any showing that Resmae transferred its interest in the Note, to which the Deed of Trust attaches, to any of the above-described entities.

21. The Assignment provided by U.S. contains monumental gaps and fails to establish an unfettered chain of title with respect to either the Note, or the Deed of Trust, associated with the Property.

22. As such, U.S. Bank does not have standing as a real party in interest to bring this Motion.

## CONCLUSION

23. 11 U.S.C. § 362(d)(1) and 362(d)(2)(A) require that a movant seeking relief from the automatic stay must be a "real party in interest."

24. Furthermore, Rule 17(a) of the Federal Rules of Civil Procedure provides that every action "shall be prosecuted in the name of the real party in interest."

///

///

4

25. U.S. Bank has not established that it is the holder of the Note and Deed of Trust encumbering the Property and therefore has no standing to bring this Motion against the Debtors.

WHEREFORE, the Debtors pray:

A. That the Motion for Relief from the Automatic Stay filed by U.S. Bank be dismissed with prejudice;

B. That U.S. Bank be precluded from filing any future motions;

C. That the attorney for the Debtors be awarded reasonable attorney fees and expenses;

D. That the Debtors be awarded damages;

E. That this matter be set for hearing;

F. For such other and further relief that this Court deems just and proper.

Dated: January 5, 2010

                DONNY E. BRAND
                ALEXANDER K. SPELLMAN
                BRAND & SPELLMAN PC

By: _____
           Donny E. Brand
           Attorney for Debtor

## NOTICE

Pursuant to Local Bankruptcy Rule 9013-1(f), any reply to this opposition must be filed with the Court and served on this opposing party by personal service, e-mail, or by overnight mail not later than seven (7) calendar days prior to the hearing on the motion. The reply memorandum and declarations or other evidence attached, must respond directly to the opposition papers. Unless the court finds good cause, a reply paper not filed or served in accordance with this rule will not be considered.

| In re: | CHAPTER: 7 |
|---|---|
| Joseph Jesse Melendrez | CASE NUMBER: 2:09-bk-39714 |
| Isaura Melendrez | |
| Debtor(s). | |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3836 E Anaheim Street, Long Beach, CA 90804.

The foregoing document described NOTICE OF OPPOSITION AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **01/05/2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Donny E Brand — dbrand@brandspellman.com, cmecfnotices@brandspellman.com
Kevin Hahn — kevin@mclaw.org
Casper J Rankin — ecfcacb@piteduncan.com
United States Trustee (LA) — ustpregion16.la.ecf@usdoj.gov
Edward M Wolkowitz — teeemw@rdwlawcorp.com, ewolkowitz@ecf.epiqsystems.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **01/05/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Vincent P Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
255 E Temple Street
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2010 | Wyndie L Best | _/s/ Wyndie L Best_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 9013-3.1
Best Case Bankruptcy